[No. 5763.]

## SUN INSURANCE OFFICE V. HEIDERER.

1. **Insurance—Mortgage Clause**—A policy of insurance upon mortgaged premises, issued to the mortgagee, contained a clause to the effect that if, in case of loss, the insurer should "claim" that no liability existed against the mortgagor, it should, upon payment, be subrogated to the rights of the mortgagee, to the extent of what it should pay to satisfy the policy. In an action on the policy by the mortgagee under an assignment by the mortgagor, it appeared that the insurer, having denied liability to the mortgagor, paid the amount of the loss to the mortgagee, taking the assignment of the mortgage pro tanto. Held, that the insurer, to establish a defense, must both plead and prove a violation of the conditions of the policy by the mortgagor.

The payment not having inured to the benefit of the mortgagor, did not satisfy the policy.—P. 297.

2. **Appeals — Parties Limited to Theory Adopted Below**— The rule which restricts parties, upon an appeal, to the theory of the case upon which the cause was tried in the court below, has no application where the party did not recognize that a particular matter was in issue, even though he fail to specifically object to the evidence, and the court below disregarded all such evidence.—P. 300.

3. **Pleadings — Amendments** — An application to amend an answer at the trial so as to assert a new defense is properly refused where it appears that all the facts were known to the party and communicated to his counsel, and were not set up in the answer, merely because the attorney conceived it to be unnecessary.—Pp. 300, 301.

*Appeal from Denver District Court.*
*Hon. Peter L. Palmer, Judge.*

Mr. T. J. O'DONNELL and Mr. J. W. GRAHAM, Jr., for appellant.

Mr. JOHN R. SMITH, for appellee.

The appellant (defendant below), an insurance company, insured a frame building belonging to the appellee (plaintiff below), for the sum of $150. Shortly thereafter she sold the insured property to

one Max Rosenthal, and, with the consent of the company, assigned the insurance policy to him. To secure the payment of a part of the purchase price, she took from him a mortgage on the property for the sum of $500. At her request the company executed and attached to the policy a mortgage clause which provided that if any loss should occur under the policy, it should be paid to appellee as mortgagee, and if the company should claim that no liability existed as to the mortgagor, it should, upon such payment, be subrogated to the rights of the mortgagee under the mortgage to the extent of such payment, and should receive an assignment *pro tanto* of the mortgage security. The building was thereafter destroyed by fire, and upon proof of loss being furnished by Rosenthal, the company, claiming that no liability existed as to him, demanded and received from appellee an assignment of her mortgage to the extent of $150, and thereupon paid to her that amount, and took a joint receipt therefor from her and Rosenthal, and the policy was surrendered and canceled.

Rosenthal, not having received from the company any payment or benefit for the loss suffered by reason of the fire, transferred and assigned whatever claim he had for such loss to appellee, who made a demand upon the company for payment of the amount of the insurance provided in the policy, and upon its refusal to pay the same she instituted this action, setting up in her complaint and basing her right to recover upon the foregoing facts.

The appellant answered, substantially admitting the averments of the complaint; admitted that Rosenthal had received no benefit or payment whatever or any insurance for the loss or damage suffered by reason of the fire; that the money was paid to the mortgagee and the mortgage was assigned *pro tanto;*

but averred as a defense to the right of appellee to recover in this action that "the said Max Rosenthal has suffered no loss or damage by reason of said fire, because the said policy of insurance, which was for the sum of one hundred and fifty dollars, had been assigned back prior to the said fire by the said Max Rosenthal to the plaintiff, Rose C. Heiderer, as mortgagee, who has collected the same as aforesaid."

The only evidence offered upon the trial of the cause was documentary. That of the plaintiff consisted only of the assignment of the claim; every other averment of the complaint being admitted. The defendant introduced the policy of insurance with the attached mortgage clause, the proof and statement of loss furnished the claimant by Rosenthal, the draft for $150 in payment of the loss and the receipt therefor signed by Rosenthal and appellee, and the articles of subrogation and assignment of interest in the mortgage to the defendant by the appellee.

Judgment was rendered in favor of the plaintiff and against the defendant for the sum of $168.30.

. A motion for new trial was filed, upon the grounds, (1) of accident and surprise which ordinary prudence could not have guarded against, and (2) the insufficiency of the evidence to justify the finding and decision, and because said decision is against the law.

In connection with this motion the appellant asked leave to file an amendment to its answer, a copy of which was served upon the attorney for appellee and copies of the affidavits of D. C. Packard and Sterling B. Toney in support thereof.

The affidavit of Packard was to the effect that Rosenthal had kept and used on the premises a gasoline blow-pipe, and had kept gasoline therein, in violation of the express terms of the policy; that

these things increased the hazard of the risk, and that the blow-pipe and the gasoline caused the fire and the loss under the policy; that prior to the filing of the answer in the cause he explained and stated all these things to its attorneys, and that the attorneys were of the professional opinion that inasmuch as all of these facts would appear from and by the documentary evidence which would be introduced, that it was unnecessary to plead said facts as a separate defense, and for that reason they were not pleaded or stated by way of answer.

The affidavit of Sterling B. Toney, a member of the firm employed by the defendant company to defend the action, was, in substance, that all the facts stated by Packard in his affidavit were stated and explained to him, and that he was of the opinion at the time he drew the answer that the plaintiff, by the averments of her complaint, had stated herself out of court, and that it was unnecessary and would have been bad pleading to have pleaded any violations by Rosenthal of the covenants in the policy contract, and that, if the opinion of the court in deciding the cause was predicated upon the failure of the defendant to plead in its answer the violation of the covenants of the policy by Rosenthal, in justice and fairness the defendant should be granted a new trial and be allowed to plead such violation.

The court below denied the application to amend the answer and overruled the motion for a new trial.

Mr. JUSTICE GODDARD delivered the opinion of the court:

It will be seen that the answer does not contain any defense to this action based upon the ground that Rosenthal had violated any of the conditions of the policy, or set out the facts upon which the appellant predicated its claim that no liability existed in

his favor. It admits, as averred in the complaint, that it did claim that as to Rosenthal no liability existed under the policy, and thereupon demanded that the appellee should assign to it an interest in her mortgage before it would pay to her the amount of the loss, and that appellee, in order to secure such payment, executed and delivered an assignment of an interest in her mortgage to the extent of such payment. The theory of the defense to the action is, that appellant, having paid the amount of the loss under the policy to the mortgagee, as it was bound to do by the express terms of the mortgage clause, and that having, as therein provided, claimed at the time of such payment that no liability therefor existed as to the mortgagor, it became legally subrogated to the extent of such payment to the rights of the mortgagee; in other words, the appellant predicates its right to subrogation upon the bare statement that it claimed that there was no liability on the part of the company to the insured, without alleging any facts which, under the terms of the policy, would exempt it therefrom. By the contract of insurance Rosenthal was entitled to indemnity as well as the mortgagee; and while the loss was to be paid to her, such payment would inure to his benefit by reducing to that extent his mortgage indebtedness. Before he can be deprived of such benefit it must be shown that he has violated the provisions of the policy in some particular that renders it void as to him. His rights do not depend upon the mere claim of the insured. The appellant, therefore, to avail itself of the right to be subrogated to the rights of the mortgagee, instead of applying the payment of the loss toward the satisfaction of the mortgage, must allege and prove a state of facts which, under the contract of insurance, would entitle it to exemption from liability to the mortgagor.—*Traders' Ins. Co. et al. v. Race,* 142

Ill. 338; *Hare v. Headley,* 54 N. J. Eq. 545; *Home Ins. Co. v. Marshall,* 48 Kan. 235.

In *Traders' Insurance Company et al. v. Race, supra,* the court had under consideration a mortgage clause similar to the one before us. The insured premises were destroyed by fire and the company, claiming that the policies were void as to the owner because the building had ceased to be occupied as a dwelling house before and at the time of its destruction, paid the trustee the amount of the loss, and the trustee assigned and delivered the notes and trust deeds to the company. The company brought suit to foreclose the trust deeds. Mrs. Race, the owner, brought a suit at law upon the policies against the insurance company. By supplemental bill the prosecution of this action was enjoined. On the hearing the superior court found that the policies had severally been forfeited under the nonoccupation clause, and entered a decree in accordance with the prayer of the bill. On appeal the appellate court reversed the decree of the superior court and dismissed the suit for want of jurisdiction. The supreme court affirmed the decision of the appellate court, but not upon the ground upon which its judgment was based, that is, want of equitable jurisdiction of the case. In its opinion the supreme court, while recognizing that Race's interest was liable to forfeiture for breach of the conditions of the policies, and if such forfeiture was incurred the company had the right, on paying the mortgage debt, to be subrogated to the mortgagee's right as against the mortgagor, used this language applicable to the question here presented:

"The mortgage clause, however, provides, that in case of loss under such circumstances as that appellants shall deny their liability to the mortgagor, they may pay to the mortgagee the sum due under

the mortgage, and become entitled to an assignment of the mortgage debt and all securities therefor. The right to subrogation, however, cannot be said to depend upon the naked claim of appellants that there is no liability on the policies to appellee, but the facts must warrant such claim. The claim, to entitle them to an assignment and subrogation, must be made in good faith, and be based upon a state of facts which, under the contract of insurance, would entitle them to exemption from liability. The rights of a party insured cannot be made to depend upon the arbitrary claim of the insurer."

And, assuming that equity had jurisdiction to enforce the contract of subrogation and to foreclose the mortgage and incidentally to pass upon all questions upon which that jurisdiction depends, further said:

"But to entitle appellants to be subrogated to the rights of the mortgagee and to foreclose the mortgage, the burden is upon them to prove that the loss occurred under circumstances exempting appellants from liability to appellee for the loss of the property    *    *    *."

And, after commenting upon the evidence relied upon by the insurance company to show a forfeiture of the policy, concluded that the evidence did not warrant a decree of forfeiture of the policies, and that appellee had a right to have the mortgage debt paid for her benefit.

In *Hare v. Headley, supra,* in considering a like mortgage clause and holding that it constituted a valid contract between the insurance company and the mortgagee, the court said:

"It was claimed by complainant's counsel that the right to subrogation arose under the contract by mere claim of nonliability as to the owner.    *    *    * As to the owner, in such case subrogation can arise

only as a right given by law, upon facts proved, and the forfeiture in fact of the policy as against him is the legal prerequisite to any independent insurance of the mortgage under this contract, and must be proved as one of the issues in the cause, which the owner and those claiming under him may require to be proved. If the policy was not in fact forfeited as to the owner at the time of the payment, then the payment to the mortgagee must be considered as a payment to the mortgagee as appointee of the owner, and not under the independent contract, and the owner would be entitled to have the payment credited on the mortgage debt.''

It is manifest, therefore, that under the pleadings in this case the judgment awarded by the court below was justified.

Counsel for appellant, however, contend that the proof of loss included in the documentary proof offered by it upon the trial disclosed facts sufficient to avoid the policy as to Rosenthal and to show that no liability existed as to him thereunder.

Our attention is called to several decisions of this court wherein it has been held that, when a case has been tried and decided upon the theory that the evidence introduced was within the issues made by the pleadings, the defeated party may not avail himself of the objection that the pleadings did not warrant the admission of such evidence.

We do not think that this rule can be invoked upon the record before us. The plaintiff in no way recognized this issue as being in the case, and this evidence, although not specifically objected to, was so clearly outside of any issue made by the answer that the trial court was justified in disregarding it.

The affidavits in support of the motion for a new trial show that counsel for appellant were fully advised of the facts set out in its proposed amendment

to the answer, and being of the professional opinion that it was not necessary to plead a violation of the terms of the policy as a defense to the present action, intentionally omitted to plead or set out in its answer the facts constituting such alleged violation. In these circumstances no element of accident or surprise such as the code names as grounds for a new trial appears, and the court below did not abuse its discretion in overruling the motion.—*Bransford v. The Norwich Union Fire Insurance Society,* 21 Colo. 34; *The Salida Building & Loan Assn. v. Davis,* 16 Col. App. 294.

Counsel for appellant place some stress upon the joint receipt of Mrs. Heiderer and Rosenthal as constituting a defense to a recovery in this action.

We do not think that under the issues in the case the receipt is entitled to any such effect. There is no allegation of payment to Rosenthal. On the contrary, the answer expressly admits the averment of the complaint to the effect that Rosenthal had received no benefit or payment whatever for the loss suffered by reason of the fire, but the whole amount, to wit, $150, had been paid to the plaintiff, Rose C. Heiderer. And furthermore, the theory of the defense throughout is based upon the fact that no liability existed as to Rosenthal, and their right to subrogation was based upon their claim that no such liability existed.

For the foregoing reasons we are compelled to affirm the judgment.                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.