the 15th day of November, 1912. We think that the ordinary construction that would be put upon this language is that the party receiving it had the whole of that day within which to serve his pleading, and that therefore the answer was served in time.

[4] Counsel for plaintiff contends, however, that, if the answer was originally timely, it was not interposed in good faith, and that the court, in the exercise of a sound discretion, may refuse at this time to compel its acceptance. It may be that the answer is interposed for delay, but that does not clearly appear. The right at this time to maintain an action to foreclose plaintiff's mortgage under the terms thereof depends upon the existence of unpaid taxes and assessments which are liens upon the mortgaged premises, and default in the payment thereof for 60 days after notice and demand. The allegations in the complaint that there are five years' taxes and two years' water rents, as well as assessments for improvements, which are not specifically described, which have become liens on the property, that notice thereof has been given to the defendants and a demand made for the payment thereof, and that such demand has been refused, are expressly denied by this answer, which denial is not upon information and belief, but as matter of actual knowledge. For the purposes of this appeal we must assume that defendant advisedly swore to that fact and intends, if necessary, to controvert the allegations of the complaint by proof.

[5] Finally we do not think that defendant has lost his right by laches to compel the acceptance of his answer. It is true that he might have moved just as soon as it was returned, instead of waiting for nearly a year in which to make such motion. But it would appear that he moved just so soon as he learned that plaintiff was about to bring the issues in the action to trial, without giving him the notice to which he was entitled if his answer had been properly served. As answers were interposed by other defendants which must be disposed of by a trial of the issues raised thereby, we fail to see how plaintiff is prejudiced by the delay.

We think, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion to compel the acceptance of the answer granted. All concur.

---

(159 App. Div. 313)

O'NEIL v. FRANKLIN FIRE INS. CO. OF PHILADELPHIA et al.

(Supreme Court, Appellate Division, Fourth Department. November 26, 1913.)

1. APPEAL AND ERROR (§ 238*) — PRESENTATION OF ERROR — MOTIONS — JUDGMENT—PREMATURE ENTRY.

Where a judgment is prematurely entered in favor of plaintiff, before the issues as between two defendants are disposed of, the remedy is by motion at special term to set aside the judgment as premature; such error not being ground for reversal on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1343, 1345, 1382, 1386–1395, 1397, 1399–1401, 1404–1407; Dec. Dig. § 238.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. INSURANCE (§ 624*)—FIRE POLICY—LOSS PAYABLE TO MORTGAGEE—PARTIES—JOINDER.

Where a policy provided that any loss was payable to a mortgagee as his interest might appear, he was a necessary party to a suit on such policy, and was authorized by Code Civ. Proc. § 521, to assert his claim against defendant insurance company by answer.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1557–1570; Dec. Dig. § 624.*]

3. ACTION (§ 53*)—SINGLE CONTRACT—SEPARATE ACTIONS.

Separate actions cannot be maintained by an insured and a mortgagee, to whom any loss was payable as his interest might appear, to recover separately the amounts payable to each thereunder.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 549–551, 553–623; Dec. Dig. § 53.*]

4. LIMITATION OF ACTIONS (§ 46*)—CONTRACT LIMITATIONS—EFFECT—STATUTES.

Periods of limitation fixed by special contract are periods of limitation prescribed by the chapter containing Code Civ. Proc. § 415, providing that the periods of limitation prescribed by the chapter, except as otherwise specially prescribed therein, must be computed from the time of the accruing of the right to relief to the time when the claim to that relief is actually interposed by the party as plaintiff, or defendant, in the particular action or special proceeding.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 240–253; Dec. Dig. § 46.*]

5. LIMITATION OF ACTIONS (§ 130*)—FIRE POLICY—ACTIONS—LIMITATIONS—CLAIM OF MORTGAGEE—"VOLUNTARY DISCONTINUANCE."

Code Civ. Proc. § 405, provides that if an action is commenced within the time limited, and terminated, except by voluntary discontinuance, etc., plaintiff may commence a new action for the same cause after expiration of the time so limited, and within one year after the reversal or termination. A mortgagee, to whom a fire policy was payable as his interest might appear, commenced a separate action on the policy before the expiration of the 12-month limitation contained in the policy, but, insured having also brought suit against the insurer, it was stipulated that the mortgagee's action should be dismissed, and that his claim should be asserted in the insured's action by answer, which was served after the 12-month period had expired, whereupon the mortgagee's action was dismissed. Held, that such dismissal by virtue of the stipulation between the parties was not a "voluntary discontinuance" within section 405, and that the mortgagee's claim was therefore not barred by limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 539, 545, 553–566; Dec. Dig. § 130.*

For other definitions, see Words and Phrases, vol. 8, p. 7346.]

6. INSURANCE (§ 622*)—ACTIONS—MORTGAGEE'S CLAIM—LIMITATIONS—EFFECT.

Lines 56 to 59 of a New York standard fire insurance policy provide that, if with the insurer's consent an interest under the policy shall exist in favor of a mortgagee, or of any person having an interest in the property, other than the interest of the insured as described, the conditions "hereinbefore" contained shall apply in the manner expressed in such provisions and conditions of insurance, relating to such interest as shall be written upon, attached to, or appended to, the policy. Held, that the policy clause, providing that any suit thereon must be brought within 12 months as found in lines 106 and 109, was not applicable to the claim of the mortgagee.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1540, 1544–1550; Dec. Dig. § 622.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

7. INSURANCE (§ 328*) — FIRE POLICY — INTEREST OF INSURED — CONTRACT OF SALE.

A contract for the sale of a farm and insured buildings thereon, on which the purchaser had paid a small portion of the price prior to a fire destroying the dwelling house, and who after the fire completed the purchase by paying the remainder of the price and receiving a deed, did not avoid the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 794–822, 825; Dec. Dig. § 328.*]

8. INSURANCE (§ 606*)—FIRE POLICY—MORTGAGEE'S INTEREST—OFFER TO PAY —SUBROGATION.

A fire policy provided that whenever the insurer should pay the mortgagee any sum for loss or damage thereunder, and should claim that as to the mortgagor no liability existed, the insurer to the extent of such payment should be subrogated to all the rights of the party to whom payment was made under all securities held as collateral to the mortgage debt, or at its option might pay to the mortgagee the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment of the mortgage. Held, that such clause did not vest in the insurer a right to subrogation on a mere assertion of an unfounded claim that it was not liable to the mortgagor, and hence, on tender of the mortgage debt, it was not entitled to subrogation, nor to an assignment of the mortgage, where it not only failed to prove its nonliability to the mortgagor, but suffered judgment in his favor.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1504–1511, 1514–1516; Dec. Dig. § 606.*]

Kruse, P. J., dissenting.

Appeal from Trial Term, Herkimer County.

Action by Mollie E. O'Neil against the Franklin Fire Insurance Company of Philadelphia and Daniel Crimmins. From a judgment in favor of defendant Crimmins, on an answer in the nature of a cross-complaint, defendant insurance company appeals. Affirmed.

Defendant Crimmins has recovered a judgment against defendant Franklin Fire Insurance Company for $1,000 and $90.80 interest, and $79.00 costs, upon a fire insurance policy issued by defendant insurance company May 17, 1909 to plaintiff, Mollie E. O'Neil, covering the dwelling house upon a farm owned by said Mollie E. O'Neil, to the amount of $1,000, and the furniture, etc., therein to the amount of $400. The loss, if any, upon the buildings was made payable to defendant Daniel Crimmins, mortgagee, as his interest might appear, by a New York standard mortgagee clause attached to said policy, said Crimmins then holding a mortgage on said farm on which there was unpaid about $1,600. The premium was paid by plaintiff. The policy was for a term of three years. On March 23, 1911, a fire occurred by which the dwelling house and contents were destroyed. Some time before the fire plaintiff entered into a contract with one Miller to sell this farm to him. Miller paid $200 of the purchase price, and was, by the terms of the contract, to pay the balance and receive his deed on April 1, 1911, and notwithstanding the fire on March 23d, Miller did, on or about April 1st, complete the purchase by paying the remainder of the purchase price and receiving his deed. Plaintiff, however, remained in possession and retained the title until that date. Plaintiff prepared and served upon the insurance company in due time proofs of loss.

On February 1, 1912, defendant Crimmins brought an action in this court against defendant insurance company to recover the $1,000 payable to him as mortgagee upon the loss on the dwelling house. He did not make plaintiff a party to that action. On March 20, 1912, and within 12 months after the fire, this action was begun. In her complaint plaintiff alleged the making of the

insurance policy; the standard mortgagee clause thereto attached, making the loss payable to defendant Crimmins, mortgagee, as his interest should appear; the occurrence of the fire and making of proofs of loss; the bringing of an action by Crimmins against the insurance company to recover the $1,000 loss on the dwelling house payable to him, without making plaintiff a party; and demanded judgment for $400, the loss on the furniture and contents of the dwelling, which was not payable to the mortgagee. In October, 1912, the Crimmins action was brought to trial, and, as appears from the findings of the justice who presided at the trial in the present case, upon the question being raised by defendant insurance company that the present plaintiff was a necessary party to that action, and upon the suggestion of the court that Crimmins might serve a cross-answer in this action, setting up his claim against the insurance company, and upon the express or implied agreement of the insurance company to receive such answer, the Crimmins action was discontinued without costs. These facts, however, do not appear in the record on this appeal, except in the findings and opinion of the court. Thereupon defendant Crimmins prepared and served his answer in this case upon plaintiff and upon defendant insurance company, his right to do so not having expired by limitation of time as to defendant insurance company (Code Civ. Proc. § 521), and plaintiff being willing to accept the same, although as to her the time had expired. By this answer defendant Crimmins sought to recover from defendant insurance company the $1,000 payable to him as mortgagee. Crimmins' action was not, in fact, formally discontinued by stipulation and order until some days after this answer had been served, and on October 30, 1912. The answer of defendant Crimmins was served on October 17, 1912. Prior thereto, and on October 7, 1912, one Staley, special agent and adjuster for defendant insurance company, on its behalf, tendered to defendant Crimmins the full amount remaining unpaid upon his mortgage, and at the same time served upon him a written notice, signed in the name of the insurance company by said Staley as special agent, stating, among other things, that the insurance company claimed that as to the mortgagor and owner, Mollie E. O'Neil, no liability under said policy existed, and that said company accordingly elected to and exercised its option, pursuant to the terms of the mortgagee clause, to pay to Crimmins, the mortgagee, the whole amount due and to grow due on the mortgage, and all interest thereupon, and to receive a full assignment and transfer of the mortgage. Said notice also stated that the tender would be kept good by depositing and leaving the same with the said Staley to be paid to said Crimmins at any time upon his executing and delivering to said Staley an assignment of the said mortgage to the said insurance company. This tender Crimmins refused to accept. The tender was made in legal tender currency, which Staley kept, and, at the time of the trial, he testified that he still had the same in his possession in a safe deposit vault in the United National Bank in Utica. It was not, however, paid into court, nor did Staley present to Crimmins a prepared assignment of the mortgage to be executed.

This action, as between the defendants, was brought to trial on December 11, 1912, plaintiff not appearing. A few days before and on November 26th, defendant insurance company served upon plaintiff's attorney an offer to permit plaintiff to take judgment against it in the sum of $200. On December 5th plaintiff accepted this offer, and on December 12th, judgment was entered in Herkimer county clerk's office in favor of plaintiff against defendant insurance company for $200 and costs upon filing the offer and acceptance.

By motion at the opening of the trial and at the close of plaintiff's evidence and at the close of the whole case, counsel for defendant insurance company moved to dismiss the claim of Crimmins as asserted in his answer, upon the several grounds now urged in support of this appeal, and counsel for defendant Crimmins moved for the direction of a verdict in his favor, whereupon the jury were discharged and the court made findings of fact and conclusions of law, and therein directed judgment in favor of defendant Crimmins against defendant insurance company for the $1,000 claimed, with interest and costs. From the judgment entered upon this decision, defendant insurance company appeals.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

William Townsend, of Utica, for appellant.
P. H. Fitzgerald, of Utica, for respondent.

FOOTE, J. [1] If there was an irregularity in the entry of the judgment in plaintiff's favor before the issues as between the two defendants were disposed of, we think the remedy of the appellant was to move at special term to set aside plaintiff's judgment as prematurely entered, and that is not a ground for reversal of the judgment appealed from.

[2] We are also of opinion that defendant Crimmins was a necessary party to this action, and that it was proper practice for him to assert his claim under the policy in suit against defendant insurance company by his answer in this action, and that such practice is authorized by section 521 of the Code.

[3] Separate actions could not have been maintained by plaintiff and defendant Crimmins to recover separately the amounts payable to each under this policy. Lewis v. Guardian Fire & Life Assur. Co., 181 N. Y. 392, 74 N. E. 224, 106 Am. St. Rep. 557.

Appellant next urges that the short statute of limitations of 12 months contained in the policy is a bar to the right of defendant Crimmins to recover. This claim is based upon the fact that Crimmins' claim was first asserted in this action by his answer which was made and served upon the insurance company on October 17, 1912, while the fire occurred on March 23, 1911. The policy is the New York standard form of policy, and contained this clause:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

It was held at the trial that the limitation contained in the policy did not bar Crimmins' claim asserted in his answer, inasmuch as this action was begun by the service of the summons within the year, and in the opinion of the learned trial justice it was further said that the circumstances under which the action brought by Crimmins was discontinued and his answer in this action, accepted by defendant insurance company, constituted a waiver of the contractual limitation contained in the policy. It is now urged that the contractual limitation is, in legal effect, a statutory limitation, inasmuch as the form of the policy is fixed by statute, and that section 415 of the Code is controlling, which provides:

"The periods of limitation, prescribed by this chapter, except as otherwise specially prescribed therein, must be computed from the time of the accruing of the right to relief by action, special proceeding, defense, or otherwise, as the case requires, to the time when the claim to that relief is actually interposed by the party, as a plaintiff or a defendant, in the particular action or special proceeding."

[4] Periods of limitation fixed by special contract are held to be periods of limitation prescribed by this chapter, as that expression is

used in the above-quoted section. Hayden v. Pierce, 144 N. Y. 512, 39 N. E. 638; Hamilton v. Royal Ins. Co., 156 N. Y. 327, 50 N. E. 863, 42 L. R. A. 485.

[5] If the claim interposed as a defense referred to in the above-quoted section 415 is not limited to defenses tending to defeat plaintiff's claim, but apply to affirmative defenses in the nature of independent causes of action against a codefendant (as to which we need not here express an opinion), still we think the right of defendant Crimmins is not barred by the 12-month period of limitation, because of the provisions of section 405 of the Code, as follows:

"If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal, without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies, and the cause of action survives, his representative, may commence a new action for the same cause, after the expiration of the time so limited, and within one year after such a reversal or termination."

The burden here was upon the insurance company to establish that the claim of defendant Crimmins was barred by limitation. He had brought an action upon this claim before the 12 months expired. That action was terminated under circumstances not amounting to a voluntary discontinuance, so far as appears in this record. The court was about to hold that the action could not be maintained because of defect of parties defendant, whereupon the court suggested that the Crimmins claim could be litigated in the present action, and that he should present it here by serving an answer. The action was discontinued by virtue of a stipulation signed by counsel for the respective parties. We think this was not a voluntary discontinuance within the intent and meaning of this section, and that the limitation of the policy is not a bar to a new action by Crimmins, or to asserting the same by answer served upon the insurance company. Bannister v. Michigan Mut. Life Ins. Co., 111 App. Div. 765, 97 N. Y. Supp. 843; People ex rel. McCabe v. Snedeker, 106 App. Div. 89, 94 N. Y. Supp. 319, affirmed 182 N. Y. 558, 75 N. E. 1133; Conolly v. Hyams, 176 N. Y. 403, 68 N. E. 662.

There is further reason why the 12-month limitation is not available to defendant insurance company as a defense, assuming, as we do, that it was not necessary for the insurance company to plead this defense as between itself and its codefendant Crimmins.

[6] The clause in the policy which provides that suit upon the policy must be brought within 12 months is found in lines 106 to 109 of the standard form of policy. Lines 56 to 59 contain this clause:

"If, with the consent of this company an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance, other than the interest of the insured as described herein, the conditions *hereinbefore* contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached or appended hereto."

This clause has recently received judicial construction, and it has been held that the clauses of the policy applicable as between the company and the mortgagee are only those clauses which precede lines 56

to 59, and that.the clauses following.from line 60, which have reference to proceedings after. fire has occurred or for the adjustment of the loss and the payment or collection of insurance, are not applicable to the mortgagee. . Heilbrunn v. German ·Alliance Ins. Co., 140 App. Div. 557, 125.N. Y. Supp. 374, affirmed 202 N. Y. 610, 95 N. E. 823.

.A sentence from the opinion of Collin, J., in the Court of Appeals indicates the extent to·which· the decision goes in relieving the mortgagee from the limitation clause of the policy which the defendant insurance company relies upon. here :

"We admit that insurance: companies ought to ·have more protection in the matter of the time within which actions upon their policies must be brought, and possibly in other respects than has been afforded them under the decision of the Appellate Division in this case; but the difficulty is that the language of those stipulations .or ·conditions of the policy which relate to the proceedings after the liability of the company has accrued through the fire does not enable or permit us to apply them to the mortgagee in such part only as may be practicable or expedient."

See, also, McDowell v. St. Paul Fire & Marine Ins. Co., 207 N. Y. 482, 101 N. E. 457, where the doctrine of the Heilbrunn Case is reaffirmed.

[7] It is next contended that the tender by the insurance company's agent to defendant Crimmins of the full amount of his mortgage and the demand for an assignment thereof precludes a recovery by Crimmins of the insurance money in this action.   We are of opinion that such is not the case.   The policy was issued directly to Mrs. O'Neil, plaintiff, by defendant's agent, and the premium was paid by her.   It was a policy for $3,200, $1,000 upon the dwelling house which burned, and $400 upon the furniture and contents.   The rest was upon barns and contents which did not burn.   It is clear that if defendant Crimmins' mortgage had been paid up before the fire, the whole insurance would have remained for the benefit of the owner.   The insurance payable to Crimmins as mortgagee was not only for his benefit, but for the benefit of the owner who had the right to have such payment applied in reduction of the mortgage debt.   Hence· it would be unjust and not according to the intention of the parties that the insurance company should, upon payment to Crimmins, be subrogated to his position as holder of the mortgage, and thereby deprive the owner of the benefit of that part of the insurance money, unless the owner had in some way forfeited her right.   The answer of the insurance company does not set up any breach of the contract of insurance upon the part of plaintiff, Mrs. O'Neil, or that her right under the policy.has been in any way forfeited, nor does it allege that as to plaintiff no liability under the policy exists.   The contract to sell the farm did not avoid the policy.

[8] But, assuming that notwithstanding the form of its answer, the insurance company may still assert and prove any defense which is available to it as against defendant Crimmins, we are of opinion that it was incumbent upon defendant insurance company to prove upon the trial that as to the plaintiff, mortgagor and owner, no liability existed against it.   The contract as contained in the mortgagee clause is:

"Whenever this company shall pay the mortgagee any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no

liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option, pay to the mortgagee the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee to recover the full amount of his claim."

It is true that defendant insurance company did, by written notice served upon defendant Crimmins, claim that as to the mortgagor no liability existed against it, but it did not prove upon the trial that it was not liable to the mortgagor. On the contrary, before the trial, it made an offer of judgment to plaintiff, which plaintiff accepted, thus conceding a liability to plaintiff under the policy. This clause should not be construed to vest in the insurance company the right to subrogation upon the mere assertion of claim, unfounded in fact, and such was not the intent or purpose of the clause in question. The claim which it may assert must be a valid and well-founded claim, and so it has been held in construing mortgagee clauses identical with this. Traders' Ins. Co. v. Race, 142 Ill. 338, 31 N. E. 392; Anderson v. Saugeen Mut. Fire Ins. Co., 18 Ont. Rep. 355; Bull v. North British Canadian Investment Co. & Imperial Fire Ins. Co., 15 Ont. Rep. 421, affirmed 18 Canada Supreme Court Reports, 697. In the last case it was held that the insurance company was not justified in paying the mortgagees and claiming subrogation without first contesting its liability to the mortgagor and establishing their indemnity from liability to him.

As the defendant insurance company failed to prove upon the trial that as to plaintiff no liability existed under the policy, it has failed to establish its right to subrogation in this action.

In Heilbrunn v. German Alliance Ins. Co., 150 App. Div. 670, 135 N. Y. Supp. 769, it appeared that as to the owner the policy had become null and void; hence what is said in the prevailing opinion as to the contract with the mortgagee being nothing more than a contract of indemnity is not applicable here.

The other questions urged upon this appeal were, we think, correctly disposed of, and do not call for special consideration here.

The judgment appealed from must be affirmed, with costs. All concur, except

KRUSE, P. J. (dissenting memorandum). I think the insurance company was entitled to an assignment of the mortgage. As between the mortgagee and the insurance company, it was not necessary for the insurance company to show that it was not liable to the mortgagor and owner upon the policy. The insurance company made that claim and offered to pay the mortgagee the whole principal due or to grow due, with the interest, and demanded an assignment of the mortgage. Whether or not the insurance shall be applied as a payment upon the mortgage is a question between the mortgagor and the insurance company, in which the mortgagee has no interest. I think the mortgagee has no standing to contest that question with the insurance company.

The plaintiff, the owner, although originally a party to the action,

dropped out of the case before the trial. She did not appear at the trial, but accepted the offer of judgment made by the insurance company, and a separate judgment was entered thereon. Furthermore, the action was not brought to recover the loss of property covered by the mortgage, but only for the personal property.