[No. 21073. Department One. September 24, 1928.]

PAUL DEAN, *Appellant,* v. JOSEPHINE B. ENGELBRECHT, *et al., Respondents.*[1]

*Fred G. Clarke,* for appellant.

*Edgar S. Hadley, Peters & Powell,* and *Robert H. Evans,* for respondents.

PARKER, J.—The plaintiff, Dean, sought, in the superior court for King county, recovery upon a promissory note and foreclosure of a mortgage securing the note, executed by the defendants Josephine Engel-

[1]Reported in 270 Pac. 437.

brecht and Grace McCullough, as executrices, to Emma Albright, assigned by her to the St. Paul Fire & Marine Insurance Company, and assigned by the insurance company to him. Trial in the superior court upon the merits resulted in judgment denying to Dean recovery, from which he has appealed to this court.

Recovery was resisted by the defendants, and denied by the superior court, upon the ground of payment of the mortgage debt, by the insurance company's having paid to Albright a loss occasioned by the burning of the dwelling house upon the mortgaged premises, under a policy issued by the insurance company to Engelbrecht and McCullough as owners, containing a mortgagee clause making loss payable to Albright as mortgagee as her interest may appear. Recovery was sought by Dean upon the ground that the insurance company was liable only to Albright as mortgagee, and not to Engelbrecht and McCullough as owners, and that, therefore, the insurance company had the right to become, and was, subrogated to the mortgage rights of Albright by assignment from her in pursuance of the terms of the mortgagee clause in the policy.

As we view this record, the controlling facts are not in dispute, and may be summarized as follows: On April 14, 1922, Engelbrecht and McCullough, as executrices, executed and delivered to Albright their promissory note evidencing their indebtedness to her in the sum of fifteen hundred dollars, payable three years after date; and on the same day they, as executrices, also executed and delivered to her a mortgage upon a lot and the dwelling house thereon situated, in Seattle, to secure that indebtedness; as it is conceded they were empowered to do. By a provision in the mortgage, Engelbrecht and McCullough agreed

" . . . to keep all improvements on said described premises insured against loss or damage by

150

fire in the sum of fifteen hundred dollars for the benefit of the mortgagee.''

Accordingly, Engelbrecht and McCullough caused the insurance company to issue to them an insurance policy insuring the dwelling house on the premises in the sum of fifteen hundred dollars, reciting therein that it ''does insure Josephine B. Engelbrecht and Grace F. McCullough, executrices, etc.,'' and further reciting in a mortgagee clause made part of the policy, as follows:

''Loss or damage, if any, under this policy, on buildings only, shall be payable to Emma C. Albright, Mortgagee, as interest may appear. Subject to all the terms and conditions hereinafter set forth in this rider, this insurance, as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy. . . .

''Whenever this company shall pay the mortgagee any sum for loss or damage under this policy, and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may, at its option, pay to the mortgagee the whole principal due or to grow due on the mortgage, with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee to recover the full amount of her claim.''

On June 5, 1925, while this policy was in full force and effect, the insured dwelling house was almost totally destroyed by fire. Thereafter due claim and

proof of loss was made by Albright as mortgagee, the same being prepared under the supervision of an adjuster acting for the insurance company, showing the total damage to the dwelling to be $3,439. Upon so making this claim and proof of loss by Albright as mortgagee, she assigned to the insurance company the note and mortgage evidencing the indebtedness due her and her mortgage interest in the premises; and thereupon the insurance company paid to her fifteen hundred dollars, the full amount of the insurance, that being also the amount of the unpaid indebtedness evidenced by the note and mortgage. Thereafter the note and mortgage were, by the insurance company, assigned to Dean. Thereafter Dean commenced this action seeking recovery upon the note as against Engelbrecht and McCullough, as executrices, and foreclosure of the mortgage as against them and all of the other defendants and respondents who were made parties to the action only because of their possible claims of acquiring some interest in the premises subsequent to the execution of the mortgage. No claim or proof of loss was made or presented to the insurance company by Engelbrecht and McCullough.

It is plain that this policy was procured by Engelbrecht and McCullough, as owners of the premises, for their own protection as well as for the protection of Albright, their mortgagee. We have seen that the policy runs directly to them as owners. Indeed, even in so far as the policy was for the protection of Albright, as mortgagee, it was manifestly also for the protection of Engelbrecht and McCullough in so far as payment for any loss thereunder would inure to their benefit in the reduction of the indebtedness due from them to Albright. It is, nevertheless, plain that, under the terms of the mortgagee clause of the policy, the insurance company would not necessarily become liable

for loss to Engelbrecht and McCullough, as owners, by becoming liable for loss to Albright, as mortgagee, since it is expressly provided therein that, "as to the interests of the mortgagee," the policy "shall not be invalidated by any act or neglect of the mortgagor or owner."

■ It is contended in behalf of Dean, as assignee of the insurance company, that it was not liable and never became liable to Engelbrecht and McCullough as owners of the premises, notwithstanding it became liable to Albright as mortgagee. This claim is rested solely upon the ground that Engelbrecht and McCullough did not, within the period limited by the terms of the policy, or since then, present any claim or proof of loss to the insurance company. It is upon this theory that it is here argued in behalf of Dean, as assignee of the insurance company, that it acquired the right to become subrogated to the mortgagee rights of Albright, free from satisfaction, in whole or in part, of her mortgage lien, by her receiving from the insurance company the fifteen hundred dollars in payment of the fire loss.

Now, we are not here concerned with any act or neglect of Engelbrecht or McCullough, the owners, invalidating the policy as to them, or preventing their recovery upon the policy directly, or indirectly through Albright, their mortgagee, by having the loss award applied in payment of their indebtedness owing to Albright, other than their failure to present claim and proof of loss within the stipulated time for so doing. It seems to us that Albright became, in legal effect, the appointee of Engelbrecht and McCullough to present for them claim and proof of loss to the insurance company, in so far as the amount so collected by her would go towards the satisfaction of their debt owing to her, as well as for herself. She may not have been

their appointee for the purpose of presenting their claim and proof of loss, as against any invalidating act or neglect on their part claimed by the insurance company as a defense to their direct recovery upon the policy. But that suggests an inquiry not here for consideration. We are of the opinion that the presenting of the claim and proof of loss by Albright as mortgagee was, in legal effect, the presenting of a claim and proof of loss by Engelbrecht and McCullough as owners, in so far as any amount collected in pursuance of such claim and proof of loss became applicable to the payment of the debt owing by them to her.

As we understand counsel, some contention is made in behalf of Dean as assignee of the insurance company, rested upon the literal language of the mortgagee clause that,

"Whenever this company shall pay to the mortgagee any sum for loss or damage under this policy, and shall claim that as to the mortgagor or owner no liability exists,"

the insurance company shall, to the extent of such payment, be subrogated to the rights of the mortgagee and receive assignment accordingly. The argument seems to be that the insurance company's mere claim of non-liability to the owner entitles it to such subrogation. We are of the opinion that this contention is unsound. This problem, presented under a mortgagee insurance clause substantially the same as is here involved, was considered by the supreme court of Illinois in *Traders' Insurance Co. v. Race*, 142 Ill. 338, 31 N. E. 392. Holding that a mere claim by the insurance companies of non-liability to the owner and mortgagor did not give them any enforcible subrogation rights under the mortgage, that court said:

"As we have seen, the interest of Race was liable to forfeiture for breach of the conditions of the policies, and if such forfeiture was incurred, appellants [insur-

ance companies] had the right, on paying the mortgage debt, to be subrogated to the mortgagee's right, as against the mortgagor. In such case, the notes and mortgage would rightfully be assigned to appellants, and they be entitled to foreclose the same. The mortgage clause, however, provides, that in case of loss under such circumstances as that appellants shall deny their liability to the mortgagor, they may pay to the mortgagee the sum due under the mortgage, and become entitled to an assignment of the mortgage debt and all securities therefor. The right to subrogation, however, can not be said to depend upon the naked claim of appellants that there is no liability on the policies to appellee, but the facts must warrant such claim. The claim, to entitle them to an assignment and subrogation, must be made in good faith, and be based upon a state of facts which, under the contract of insurance, would entitle them to exemption from liability. The rights of a party insured can not be made to depend upon the arbitrary claim of the insurer."

This view of the law has strong support in the following decisions: *Sun Ins. Office v. Heiderer*, 44 Colo. 293, 99 Pac. 39; *Loewenstein v. Queen Insurance Co.*, 227 Mo. 100, 127 S. W. 72; *O'Neil v. Franklin Fire Ins. Co.*, 159 App. Div. 313; 145 N. Y. Supp. 432, affirmed by court of appeals in 216 N. Y. 692, 110 N. E. 1045; *Cronenwett v. Dubuque Fire & Marine Ins. Co.*, 44 Cal. App. 568, 186 Pac. 826; *Imperial Fire Insurance Co. v. Bull*, 18 Canada S. C. 697.

We conclude that Albright's note and mortgage became satisfied by the insurance company's paying to her fifteen hundred dollars on account of the fire loss, and that none of her mortgage rights passed to the insurance company by virtue of assignment or subrogation, and that the judgment must be affirmed. It is so ordered.

FULLERTON, C. J., TOLMAN, MITCHELL, and FRENCH, JJ., concur.