CHARLES CARROLL, Judge.
The appellant filed suit for foreclosure of a mortgage against the appellees Edith Lounsbury and Clarence Lounsbury her husband, the owners of the property involved, and Paul’s Boat Supply, Inc., holder of an inferior judgment lien. The Lounsburys answered, contesting the validity of the mortgage, and counterclaimed for certain damages. A decree pro confesso was entered against the defendant Paul’s Boat Supply, Inc.
The plaintiff and the Lounsburys moved for summary decree. The plaintiff’s motion was denied. The court granted the motion of the Lounsburys and dismissed the complaint with prejudice, reserving jurisdiction of their undetermined counterclaim. Subsequently the Lounsburys voluntarily dismissed their counterclaim by a notice as provided for under rule 1.35(a) (1) F.R.C.P., 30 F.S.A. On the plaintiff’s motion the trial court thereafter entered an order dismissing the counterclaim without prejudice. On this appeal, taken from the latter order, the appellant contends the dismissal of the counterclaim should have been with prejudice, and assigns as error the earlier adverse summary decree. See Bumby & Stimpson, Inc. v. Peninsular Utility Corp., Fla.App. 1965, 179 So.2d 414; Midstate Hauling Company, Inc. v. Liberty Mutual Insurance Company, Fla.App.1966, 189 So.2d 826.
The appellant’s contention that dismissal of the counterclaim should have been with prejudice is without merit. The rule under which the counterclaim was voluntarily dismissed provides that such a dismissal shall be without prejudice unless otherwise stated in the notice, or unless the plaintiff (in this instance the counterclaim-ant) has “dismissed in any court an action based on or including the same claim.” No showing was made to bring the dismissal within those exceptions stated in the rule.
Consideration of the appellant’s contentions with reference to the summary decree will be aided by a brief statement of the facts disclosed by the pleadings and the evidence which was before the court. The property involved was a residence premises. The residence was destroyed by fire. At the time of the loss it was encumbered by a first mortgage held by South Miami Federal Savings & Loan Association in the principal amount of $14,000, and was in *732 sured against loss by fire under a policy issued by the appellant Insurance Company of St. Louis, with provision for payment to the mortgagee in the event of loss. The policy also contained a provision to the effect that when the insurer shall pay the mortgagee for loss under the policy and “shall claim” no liability existed, the insurer will be legally subrogated to the rights of the mortgagee, or (upon having so “claimed” non-liability) the insurer can pay the entire amount due or to become due on the mortgage, take an assignment thereof and be subrogated to the mortgagee’s rights thereunder.
Following the fire loss, the insurer notified the owners and the mortgagee that it claimed non-liability, paid the mortgagee the unpaid balance of the mortgage indebtedness ($11,271.66), and took an assignment thereof. The plaintiff did not record the assignment.
The property also was encumbered by a second mortgage. That mortgage was foreclosed, and the property was purchased by the Lounsburys for a bid of $3,000 on foreclosure sale. The purchase of the property by the Lounsburys occurred after the Savings & Loan Association had received payment of the first mortgage indebtedness from the appellant insurance company and while the latter held the (unrecorded) assignment of the first mortgage. The evidence disclosed that before purchasing at the foreclosure sale the Lounsburys were informed by the South Miami Federal Savings & Loan Association that the first mortgage indebtedness was paid. Thereafter the insurance company filed the present suit for foreclosure.
The contention of the appellants that the trial court was without power to grant a summary judgment in favor of the defendants on the main case, while the counterclaim was undetermined, is unsound. The propriety of dismissal of a cause, with a counterclaim remaining pending for subsequent adjudication by the court, is recognized and provided for in rule 1.35(a) (2), F.R.C.P.
We next consider the appellant’s contention that the summary decree entered in favor of the defendant owners was contrary to the law applicable on the pleadings and the evidence. The primary question upon which the decision of the trial court turned was whether, after the loss, the insurer became entitled to subrogation by merely claiming no liability existed, or was under a duty to show facts establishing non-liability.
In entering the summary decree in favor of the Lounsburys on the main case, the trial judge found and held as follows:
“Defendants, answering, contend that prior to their purchase of the property, South Miami Federal Savings & Loan Association informed defendant Edith Lounsbury that the insurance company had paid off and satisfied the mortgage. Defendants also counterclaim against plaintiff on several grounds. Both parties moved for summary final judgment. The deposition of defendant Edith Louns-bury, taken by plaintiff, as summarized in plaintiff’s Memorandum of Law, discloses that she ‘had been informed by an officer of the South Miami Federal Savings and Loan Association that this mortgage had been paid off and satisfied by the insurance company.’ Contending by its memorandum of law that reliance on such statement is no defense, plaintiff has at no time pleaded or established by affidavit or otherwise any facts which would indicate any legal right or legal justification for denial of liability under its insurance policy. The Court so finding, and finding that defendants are entitled to a summary final decree as a matter of law; * * *”
In our opinion the trial judge applied the correct rule of law, and the summary decree is entitled to be affirmed. The plaintiff could not prevail upon merely having declared non-liability. As found by *733 the court, no fact of non-liability was alleged or proved. The result was that the payment by the insurer to the mortgagee operated to discharge the mortgage indebtedness. Liverpool & London & Globe Ins. Co. v. Orrell, 140 Fla. 563, 190 So. 552, 557; 6 Appleman, Insurance Law & Practice, § 4072; 16 Couch, Insurance § 61.366.
In Liverpool & London & Globe Ins. Co. v. Orrell, supra, the Supreme Court quoted a statement in 52 A.L.R. 283, as follows:
“The right of the insurer to subrogation to the rights of the mortgagee, upon payment to the latter of a loss under the policy, depends upon the validity and bona fides of its claim of non-liability to the mortgagor. A mere naked claim is insufficient; it must be based on legal right. Cronenwett v. Dubuque F. & M. Ins. Co., 1920, 44 Cal.App. 568, 186 P. 826; Sun Ins. Office v. Heiderer, 1909, 44 Colo. 293, 99 P. 39; Frontier Mortg. Corp. v. Heft, 1924, 146 Md. 1, 125 A. 772; Loewenstein v. Queen Ins. Co., 1910, 227 Mo. 100, 127 S.W. 72; O’Neil v. Franklin F. Ins. Co., 1913, 159 App.Div. 313, 145 N.Y.S. 432, affirmed in, 1915, 216 N.Y. 692, 110 N.E. 1045.”
Following that quotation the Supreme Court, speaking with reference to a suit against the principal obligor by an insurer asserting a right tó proceed on subrogation based on a claim of non-liability of a policy, said:
“In such case the right of subrogation and the determination of whether or not there was an assignment rather than a payment of the note secured by the insurance policy would depend upon whether or not there was such a breach of the conditions of the insurance policy by the insured as to make the policy uncollectible and the Insurance Company free of liability. * * * ”
After entry of the summary final decree on February 9, 1965, the plaintiff filed a timely petition for rehearing, contending that in holding it was incumbent upon the insurer to supply proof of non-liability as a basis for subrogation the court had applied a wrong rule of law, and contending that under the provision in the policy all that was necessary in order to entitle the insurer to subrogation was that it claim non-liability. The petition for rehearing was denied on April 14,1965.
Almost a year later, on March 25, 1966, the plaintiff moved for leave to amend, and submitted a proposed amendment to its complaint setting forth certain allegations of fact upon which it proposed to rely to establish and prove the fact of non-liability. The motion to amend was denied by an order dated April 1, 1966. Thereafter, the defendant-counterclaimants voluntarily dismissed their counterclaim, and still later, on May 19, 1966, the court entered the order appealed from, confirming the dismissal of the counterclaim.
We hold that the trial court was not in error in denying the plaintiff’s motion to amend. By the proposed amendment of the complaint the plaintiff sought to have the decree vacated and to be permitted to offer proofs on a different legal theory from that on which it had proceeded and suffered the adverse decree and on which it had insisted on rehearing. United States v. Newbury Mfg. Co., 1st Cir. 1941, 123 F.2d 453; Kelly v. Delaware River Joint Commission, 3rd Cir. 1951, 187 F.2d 93; Cooper v. R. J. Reynolds Tobacco Co., 1st Cir. 1958, 256 F.2d 464. See Griffin v. Societe Anonyme La Flor, J. Buttengach & Co., 53 Fla. 801, 44 So. 342 at 351.
Assuming, without so deciding, that the trial court had some discretionary power at that late stage to grant the motion to amend the complaint, and recognizing that the court presumably still had power under rule 1.38(b), F.R.C.P. to vacate the decree on any of the grounds available in that rule, we are impelled to conclude that the trial court committed no abuse of discretion in denying the motion. Cooper v. R. J. Reynolds Tobacco Co., supra.
Affirmed.