caused by its negligent operation, and in my judgment the character-ization of the speed of the car as "pretty swift," and as "about nine miles an hour," and of the movement as not being an "ordinary jog," is insufficient to make a case, particularly where, it appears that other persons in the same situation as the plaintiff observed nothing un-usual. Moskowitz v. Brooklyn Heights R. R. Co., 89 App. Div. 425, 85 N. Y. Supp. 960; Id., 183 N. Y. ——, 76 N. Y. 1101; Ayers v. Ro-chester Railway Co., 156 N. Y. 104, 50 N. E. 960.

According to the plaintiff's own testimony he was doing nothing whatever to protect himself, and it is just as likely that the ordinary movement incident to the rounding of a curve was the force that caused him to fall as it is that any unusual thing occurred, but even if I am in error in this regard, it must be clear that the plaintiff has entirely failed to prove freedom from contributory negligence. The plaintiff knew all about the situation, he knew that he was in a position that exposed him-self to the danger of being thrown by any jolting or swaying of the car, and yet according to his own testimony he did nothing whatever to protect himself, and did not even look to see whether there was any-thing from which he could obtain support. In the absence of any evi-dence tending to show the exercise on his part of the slightest care, I do not see how it is possible to hold that he met the burden of prov-ing freedom from contributory negligence.

It, therefore, follows that the judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.

━━━━━━━

BANNISTER v. MICHIGAN MUT. LIFE INS. CO.

(Supreme Court, Appellate Division, Fourth Department. March 7, 1906.)

**1. PLEADING—JUDGMENT ON PLEADINGS.**
　　Where the complaint in an action on a life policy showed that the insured died July 23, 1903, and that the action was not commenced until October 4, 1904, but did not set out the policy nor refer to any limitation therein of the time for an action on the policy, but the answer alleged a one-year limitation as a part of the contract, it was error to render judgment on the pleadings, since the allegation of the answer could not be regarded as admitted by the plaintiff.

**2. LIMITATION OF ACTIONS—DISCONTINUANCE OF ACTION.**
　　In an action on a life policy containing a one-year limitation of action thereon, where the insured died in April, 1903, the fact that an action was brought on the policy in December, 1903, in the County Court, and in the same month the defendant objected to the jurisdiction of the County Court, and in September, 1904, the plaintiff took an order discontinuing that action and soon after commenced an action in the Supreme Court, does not show that the discontinuance was not voluntary, so as to remove the bar of limitations, under Code Civ. Proc. § 405, providing that if an action is commenced within the time limited therefor, and is terminated in any other manner than by voluntary discontinuance, the plaintiff may commence a new action within one year after such termination.
　　Spring and Nash, JJ., dissenting in part.

Appeal from Special Term, Erie County.

Action by Catherine Bannister against the Michigan Mutual Life

Insurance Company. From a judgment in favor of defendant, on dis-· missal of the complaint, the plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

William J. Hickey and Le Roy Parker, for appellant.
Bushnell & Metcalf, for respondent.

WILLIAMS, J. The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

The action is upon a policy insuring the life of one Newkirk; the plaintiff being the beneficiary therein. The complaint was dismissed upon the pleadings, and the only question is whether upon the facts alleged in the complaint, aided by any proper use of the allegations in the answer, it appeared conclusively that the plaintiff could not maintain the action. The defense held sufficient to defeat the plaintiff's recovery was, apparently, the one-year limitation, founded upon the agreement of the parties as expressed in the policy. The dismissal could not be based upon the complaint alone, because such limitation was a matter of defense. The defendant might raise the question by its answer, or, by failing to so raise it, waive the same. It was proper therefore for the court to look into the answer to see that the question was properly raised. This was, however, the only proper use that could be made of the answer, in determining the motion for dismissal. The matters of fact alleged in the answer were not to be regarded as admitted by the plaintiff for the purposes of the motion. In order to establish the same, evidence would need to be given. The error in the decision of the court was assuming as true the allegation in the answer that there had been a one-year limitation fixed by the policy. The allegation was that upon the back of the policy was the clause or condition following: "No suit arising out of this contract shall be begun more than one year from the death of the insured." There was no allegation relating to this limitation in the complaint, and the policy was not annexed thereto or made a part thereof. The allegation in the answer did not establish the fact. If the defendant gave any proof to support the allegation, the plaintiff might controvert it and make the question one for a jury. The court could not assume it to be true, in the absence of proof, and no proof was given. It appeared that the insured died July 23, 1903, and that this action was not commenced until October 4, 1904, more than a year after the death. These allegations were found in the complaint. The judgment must, however, be reversed, because it did not appear by the complaint that any one-year limitation had been agreed upon by the parties in the policy.

Another question is raised by the plaintiff, which we should very likely consider here, as it may be again presented upon the new trial. The complaint alleged that an action was first brought upon the policy December 3, 1903, in County Court; that on December 23, 1903, the defendant appeared specially in that action and objected to the jurisdiction of the County Court, on the ground that the defendant was a foreign corporation; and that thereafter, and September 27, 1904, the

plaintiff took an order in County Court discontinuing that action, and soon after commenced the present action, as hereinbefore stated.

Section 405 of the Code of Civil Procedure provides:

"If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal, without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits; the plaintiff, or, if he dies and the cause of action survives, his representative, may commence a new action for the same cause, after the expiration of the time so limited, and within one year after such a reversal or termination."

The plaintiff claims protection under this statute, on the ground that the discontinuance of the first action was not voluntary; that the County Court had jurisdiction of the subject-matter of the action, and would have had jurisdiction of the person of the defendant but for its objection thereto; that the plaintiff was compelled to discontinue the action, by the objection interposed by the defendant. The objection to the jurisdiction of the County Court was made only five months after the death. The plaintiff knew then as well as she did nine months later that she could not maintain the action in County Court, but, instead of then discontinuing her action, and commencing one in Supreme Court, she waited until more than a year after the death, and then discontinued the first action and brought this one. Under these circumstances certainly it could not be held that the discontinuance was compelled, or was otherwise than voluntary. The plaintiff would not therefore be entitled to any protection under the section of the Code referred to.

McLENNAN, P. J., concurs.

KRUSE, J. (concurring). I concur in reversing this judgment upon the first ground. As regards the other question discussed in the opinion, my view is that the record does not disclose that the action in the County Court was not terminated by a voluntary discontinuance; it not appearing that the plaintiff discontinued the action upon any tenable objection made by the defendant to the jurisdiction of the court. Neither the grounds of the objection, nor the manner in which the objection was raised, is made to appear. It is not stated that the plaintiff was compelled to discontinue the action because the County Court did not have jurisdiction, or even that she discontinued the action upon that ground.

SPRING, J. (concurring). I concur in the conclusion reached in the prevailing opinion, but dissent from the second ground contained therein. The plaintiff commenced her action within the time, and the County Court had jurisdiction of the subject-matter. The defendant, however, interposed the defense that it was a foreign corporation, and this ousted the court of jurisdiction. The plaintiff, appreciating that if she entered upon the trial a dismissal of her complaint was inevitable, elected to discontinue. In the meantime, the year's limitation prescribed in the policy had passed. She commenced another action in the

Supreme Court, and the complaint was dismissed, we may assume, because the action was not commenced within the year, and the termination of the preceding action was a "voluntary discontinuance," within the meaning of section 405 of the Code of Civil Procedure. The purpose of section 405 is to prevent the statute of limitations running while an action is pending. If the action is disposed of on the merits, or if the plaintiff of his own motion elects to relinquish his claim, the section does not apply. In this case the plaintiff was forced to discontinue. The defendant could have appeared generally and the case thus been disposed of on the merits. It availed itself of its privilege to appear specially and set up the defense that it was a nonresident, which was true. By virtue of this plea the plaintiff could not secure a trial on the merits. If she had allowed the case to go to trial and a dismissal had followed, unquestionably section 405 would have been applicable, and she could have sued over, even though the first action had been pending for two years or more. If her original action had been commenced 11 months and 20 days after the cause of action had accrued, and the defendant's answer had been interposed after the year had run, a discontinuance in these circumstances would not have been voluntarily made. The fact that the plaintiff discontinued the action does not necessarily imply that it was voluntarily done. The defense interposed was complete, and a termination of the action either by dismissal at the trial or by the election of the plaintiff without the formality of a useless trial was inevitable. The plaintiff chose to adopt the course which was the least expensive and would be best apt to facilitate the trial on the merits. She did not discontinue with the view of ending the action. She did not discontinue voluntarily in the sense of abandoning her cause. She was driven to stop temporarily because the defendant declined to submit the case to the County Court. The plaintiff waited several months before discontinuing. The delay does not alter the question. If the discontinuance was not voluntary, within the fair meaning of section 405, she could sue over, provided a year had not intervened since the cause of action accrued, after deducting the time the first action was pending.

NASH, J., concurs with SPRING, J.