MAX FRIEDMAN, Respondent, v. LONG ISLAND RAIL ROAD COMPANY, Appellant.— In an action to recover damages for injuries to real property, order denying defendant's motion to dismiss the complaint reversed on the law and the facts, with $10 costs and disbursements, and the motion granted, with $10 costs, on the ground that the action was not commenced within the time limited by law therefor. The action is not saved by section 23 of the Civil Practice Act. On the facts it must be found that the prior action terminated

by a voluntary discontinuance when plaintiff consented to a dismissal of the complaint, and an order was entered thereon providing for judgment in favor of defendant, without costs. The entry of a judgment on the order was not necessary to fix the termination of the action. *Richard* v. *American Union Bank* (253 N. Y. 166) and *Holland* v. *Schwartz* (259 App. Div. 1083), decided on other facts, are not to the contrary. Hagarty, Acting P. J., Carswell, Adel and Sneed, JJ., concur; Johnston, J., dissents and votes to affirm, with the following memorandum: On May 14, 1941, plaintiff — pursuant to chapter 677 of the Laws of 1928 — (§§ 7, 8), as amended by chapter 289 of the Laws of 1939 — commenced an action against this defendant, among others, to recover damages for injury to his property. The complaint contained no allegations of negligence. On June 18, 1941, an order was entered, on plaintiff's consent, granting this defendant's motion to dismiss the complaint on the ground that the court had no jurisdiction of the subject matter of the action and directing the entry of judgment dismissing the complaint. The judgment was entered on April 21, 1945. Plaintiff, within the time limited therefor, appealed from both the order and judgment entered thereon. On February 4, 1946, this court affirmed the order and judgment (270 App. Div. 811). On April 19, 1946, plaintiff commenced the present action against defendant to recover damages for injury to his property, based on allegations of negligence. Defendant moved to dismiss the complaint on the ground that the action is barred by the Statute of Limitations. The Special Term denied the motion, holding that the entry of judgment is deemed the termination of the action within the contemplation of section 23 of the Civil Practice Act. In my opinion, the order denying the motion to dismiss should be affirmed on the ground that, although the entry of an order granting a motion to dismiss for lack of jurisdiction is a termination of the action without the necessity of the entry of a judgment thereon (*Brumel* v. *Hartford Fire Insurance Co.*, 158 Misc. 311; cf. *Van der Stegen* v. *Neuss, Hesslein & Co.*, 243 App. Div. 122, affd. 270 N. Y. 55), the prior action was terminated, not by the entry of the order made at Special Term on June 18, 1941, but by the affirmance of that order by this court on February 4, 1946. (*Richard* v. *American Union Bank*, 225 App. Div. 634, affd. 253 N. Y. 166.) Therefore, the commencement of the present action on April 19, 1946, was timely. (Civ. Prac. Act, § 23.) The consent by plaintiff to the entry of the order granting defendant's motion to dismiss the former action for lack of jurisdiction of the subject matter did not constitute a " voluntary " discontinuance because defendant's motion had substance and, therefore, plaintiff had no choice in the matter. (Cf. *Bannister* v. *Michigan Mutual Life Insurance Co.*, 111 App. Div. 765.)