James A. Roe, Jr., J.
Plaintiff moves for an order:
“ 1. Dismissing the affirmative defense contained in defendant Schneider’s answer upon the ground that a defense is not stated therein, pursuant to Rule 3211(h) CPLR;
“ 2. Directing an immediate trial of the issues raised on this motion, pursuant to Rule 3211(c); and
‘ ‘ 3. For such other and further relief as may be proper. ’ ’ This action is to recover damages for personal injuries allegedly sustained by the plaintiff on January 23,1963 when the defendant Balta’s automobile, in which he was a passenger, came into contact with the automobile owned and operated by the defendant Schneider. The latter, in his answer, denied the material allegations of the complaint and by way of an affirmative defense alleged: 11 That the summons was not personally served upon the defendant, sol sceoteedeb, pursuant to the provisions of section 308 of the Civil Practice Law and Rules.” The plaintiff urges that since the attorney for the defendant Schneider served with the answer on November 7, 1963, a notice for the examination of the plaintiff before trial, said defendant waived the jurisdictional defense, citing Henderson v. Henderson (247 N. Y. 428).
Under the Civil Practice Act (§ 237-a) a defendant by serving an answer (Brainard v. Brainard, 272 App. Div. 575, affd. 297 N. Y. 916) or by otherwise participating substantially in the litigation on the merits, submitted to the jurisdiction of the court over his person. (Henderson v. Henderson, supra; Matter of Matthews v. Matthews, 14 A D 2d 546; Hammond v. Hammond, 9 A D 2d 615; Newtown Jackson Co. v. Barclays Bank, 133 N. Y. S. 2d 726, 729.) This is also true under the Civil Practice Law and Rules if the defendant, when he appears in the action (CPLR 320, subd. [b]), neither raises that jurisdictional objection by motion (CPLR 3211, subd. [a], par. 8) or by asserting it as a defense in his answer. (CPLR 3211, subd. [e].) *310 This objection, however, is no longer waived because a defendant asserts other objections or defenses in his motion or, as in the case at bar, in his answer, notwithstanding that such objections or defenses go to the merits of the action. (CPLR 3211, snbd. [e].) _
_ While there appears to be no direct provision in our new procedure for a threshold resolution of a jurisdictional issue when it is raised by way of defense in the answer, section 2218 of the Civil Practice Law and Rules states in pertinent part: “ The court may order that an issue of fact raised on a motion shall be separately tried by the court or a referee.” Subdivision (c) of rule 3211, moreover, provides:1 ‘ Upon the hearing of a motion made under subdivision (a) or (b), either party may submit any evidence that could properly be considered on a motion for summary judgment and the court may treat the motion as a motion for summary judgment. The court may order immediate trial of the issues raised on the motion. ’ ’
Subdivision (b) of rule 3211 of the Civil Practice Law and Rules provides: “ A party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated.” Inasmuch as plaintiff’s motion to dismiss the defense here involved has been made not only upon the pleadings but upon a supporting affidavit to which the defendant Schneider and one of his attorneys have responded by affidavits claiming that the summons was found on the day of the alleged service thereof “ between the front door and the screen door ” to the defendant’s home, a triable issue of fact as to the due service of process has been shown to exist empowering the court to “ order immediate trial ” of that issue.
To hold otherwise would compel the plaintiff to wait for the trial to resolve the issue of jurisdiction — a trial that in all probability will be delayed for some years in view of crowded calendar conditions, particularly of negligence cases. This would result in serious prejudice to the plaintiff even if the Statute of Limitations barring his cause of action by that time is tolled by section 205 of the Civil Practice Law and Rules permitting a plaintiff to commence a new action upon the same cause within six months from the termination of his timely commenced original action if that action has been “ terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits ”. (Gaines v. City of New York, 215 N. Y. 533, 541-542; see, also, Friedman v. Long Is. R. R. Co., 273 App. Div. 786, affd. 298 N. Y. 702.) By the time the newly commenced action is reached for trial witnesses may have *311 disappeared or passed away, memory may have become faulty and other difficulties encountered attendant to stale litigation. Accordingly, the question whether the summons was personally served upon the defendant Sol Schneider, pursuant to the provisions of subdivision 1 of section 308 of the Civil Practice Law and Rules, is referred to Honorable Samuel S. Tripp, the Special Referee in this court, to take testimony and report with his recommendations. (CPLR 2218.)
Settle order upon two days’ notice and provide therein for the expeditions service of a copy of the order to he entered hereon upon the Clerk of the Special Referee’s Part to enable the hearing to proceed without delay.